### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| **DAWN RESTAURANT INC.,** | : | **Civil Action No. 10-2273 (MLC)** |
| | : | |
| **Plaintiff,** | : | |
| | : | **OPINION and ORDER** |
| **v.** | : | |
| | : | |
| **PENN MILLERS INSURANCE** | : | |
| **COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |

Currently pending before the Court is Plaintiff Dawn Restaurant, Inc.'s ("Plaintiff") Motion to Amend the Complaint in order to include a cause of action for a claim of bad faith [Docket Entry No. 11]. Defendant Penn Millers Insurance Company ("Defendant") has filed an opposition to Plaintiff's Motion [Docket Entry No. 21]. After considering the submissions and arguments of the parties, and for good cause shown, Plaintiff's Motion for leave to Amend the Complaint is GRANTED.

## I. Background

Plaintiff, a restaurant, purchased an insurance policy from Defendant in December of 2007. This policy contained a Business Owners Coverage section that covered the property of the restaurant. On August 14, 2008, Plaintiff noticed that the ceiling above the kitchen had warped and the structure was severely warped. Plaintiff then called a roofing company to begin repairs and perform the work in a way that allowed Plaintiff to continue to use the kitchen and keep the business open. In November of 2008, Plaintiff notified Defendant about the state of the roof and the work being conducted on it. Defendant then hired an engineer, Mr. Andrew Sharick, principle of Sharick Associates, Inc. ("Sharick"), to inspect the premises and determine the cause of the warping. On December 12, 2008, Sharick conducted his inspection of the roof. In his report Sharick concluded

that the damage could not be positively identified to a single cause. He cited a variety of factors in his report including damage caused by excessive humidity in the attic, long-term load on the rooftop, HVAC equipment, and repeated instances of normal rainfall and snowfall during the life span of the building. When Defendant denied Plaintiff's cost of repairs, Defendant cited all of the factors listed in Sharick's report except for the damage caused by rainfall and snowfall.  Plaintiff argues that this omission was done purposely.  Plaintiff further argues that the insurance policy would have automatically triggered if Defendant acknowledged precipitation played a part in the deterioration of the roof.  Defendant denies that the rainfall and snowfall were purposely omitted in its denial letter.  Defendant suggests that, at worst, the failure to mention the precipitation factor was negligent on their part.

The initial complaint was filed in this case on April 6, 2010 [Docket Entry No. 1].  Plaintiff asserted a right to recovery based under breach of contract theory.  During the Initial Rule 16 Conference on June 22, 2010, the Court ordered that all motions to amend the pleadings must be filed no later than August 27, 2010.  Another conference was held on November 22, 2010 without either party expressing a wish for leave to amend the pleadings.  Plaintiff filed the instant motion on April 18, 2011.  Defendant argues that the Plaintiff's Motion should be denied on the basis of futility and further argues that allowing the claim this late in the discovery process  would be prejudicial to Defendant.  Defendant further argues that the instant motion was filed unduly late because Plaintiff has had the document it is basing the proposed amended claim on since the beginning of discovery.

II.     Analysis

    A.     Motion to Amend Standard

Leave to amend the pleadings is generally given freely. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Notwithstanding this liberal standard, the Court will deny a motion to amend where there

is a showing of undue delay, prejudice, bad faith or futility. *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000); *Hill v. City of Scranton*, 411 F.3d 118,134 (3d Cir. 2005) . If there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In order to establish prejudice, the burden is on the non-moving party who must make a showing that permitting the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *Long*, 393 F.3d 390, 400 (3d Cir. 2004). "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)(citing *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). In addition, the non-moving party must demonstrate "that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Id*.

The Third Circuit has held that a motion for leave to amend should be denied when the delay in amending the pleading is unduly late. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). A delay becomes unduly when it places an unfair burden on the non-moving party or the court. *Id*. However, the mere passage of time does not require that the motion be denied. *Id*. Moreover, delay alone is an insufficient ground to deny leave to amend. Id. When determining whether there is undue delay, the Court must focus on the moving party's reasons for not amending the pleading sooner. *USX Corp. v. Barnhart*, 395 F.3d 161, 168 (3d Cir. 2004). The Court is also obliged to conduct an inquiry into the movant's reasons for not amending sooner. *Cureton*, 252 F.3d 267, 273 (3d Cir. 2001). The burden of showing undue prejudice [from delay] is a "heavier burden

3

than claiming prejudice. *Air Products and Chemicals, Inc. v. Eaton Metal Products Co.*, F. Supp. 2d 329 (P.A.E.D. 2003) (internal citations omitted).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). In determining whether an amendment is "insufficient on its face," the Court employs the Rule 12(b)(6) motion to dismiss standard (*see Alvin*, 227 F.3d at 121) and considers only the pleading, exhibits attached to the pleading, matters of public record and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). This is a logical standard to apply because an amended complaint is a new pleading and needs to satisfy the same standard. When considering whether a pleading would survive a Rule 12(b)(6) motion, the Court must accept all facts alleged in the pleading as true and draw all reasonable inferences in favor of the party asserting them. *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In essence, the facts alleged must be sufficient to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

While a pleading does not need to contain "detailed factual allegations," a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Twombly*, 550 U.S. at

4

555 (citation omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Moreover, although the Court must, in assessing a motion to dismiss, view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

### B. Prejudice Because of Undue Delay

Defendant argues that Plaintiff's claim is dilatory because the motion was not filed until months after the Court Ordered date for filing motions to amend had expired. Defendant further argues that allowing the proposed amended complaint would be costly and would prolong discovery by requiring additional depositions to be held by the parties.

The Court holds that having to do additional depositions is not a substantial enough burden in this situation to warrant denying Plaintiff's motion for leave to amend. *See Air Products and Chemicals, Inc. v. Eaton Metal Products Co.*, F. Supp. 2d 329 , 334 (P.A.E.D. 2003); *Azarbal v. Medical Center of Delaware Inc.*, 724 F.Supp. 279 (D.Del. 1989). Moreover, because fact discovery has yet to conclude, Defendant cannot demonstrate it has been disadvantaged or deprived of the opportunity to present facts. *See Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274 (4th Cir. 1987). Further, the Court notes since the filing of the instant motion Defendant has also filed a Motion to Amend it's Answer to Plaintiff's complaint [Docket Entry No. 23]. The Court holds that Plaintiff has not been dilatory in filing the Motion to Amend.

### C. Futility of the Proposed Claim

Defendant's argument that Plaintiff's proposed claim of bad faith should be denied on futility grounds is unconvincing. Under New Jersey law, a Plaintiff must establish two primary elements to prove bad faith in the insurance context: 1) that the insurer lacked a "fairly debatable" reason for

its failure to pay a claim; and 2) that the insurer knew or recklessly disregarded the lack of a reasonable basis for denying the claim. *Ketzner v. John Hancock Mutual Life Ins. Co.*, 118 Fed. Appx. 594, 599 (3d. Cir. N.J. 2004) (citing *Pickett v. Lloyd's*, 131 N.J. 457, 621 A.2d 445, 454 (N.J. 1993)). Implicit in this test is "that the knowledge of the lack of a reasonable basis may be inferred and imputed to an insurance company where there is a reckless indifference to facts or to proofs submitted by the insured," and neither negligence nor mistake is sufficient to prove bad faith. *Picketts* at 445, 447.

In the proposed amended complaint Plaintiff alleges that Defendant intentionally withheld selected reasoning of its expert so that the insurance policy would not trigger. In support of this allegation Plaintiff has produced Sharick's report, the coverage denial letter, and the deposition of Defendant's expert. (Plaintiff's Proposed Amended Complaint at Exhibits C, D, and E).

Both parties agree that certain forms of rainfall damage do trigger clauses in the insurance policy that would cover the cost of repairs. The parties disagree on what the terms in the provision mean, and if the precipitation damage that did occur is covered by the policy. The Court holds that Plaintiff has pleaded allegations which allow the Court to infer there is ambiguity in the provision. The Proposed Amended Complaint sufficiently pleads that Defendant denied a claim in bad faith. Accepting all of the facts in the Proposed Amended Complaint as true, the Court is able to draw a reasonable inference that Defendant is liable for the misconduct alleged. Therefore, the Court concludes that the proposed bad faith claim is not futile. Consequently, the Motion for Leave to Amend the Complaint for the purpose of including the claim of bad faith is GRANTED.

## III.   Conclusion

Plaintiff is attempting to assert a claim of bad faith against Defendant in its denial of insurance coverage. Fact discovery has yet to conclude, and Defendant has also informed the Court

of its desire to amend its Answer.  Therefore, the Court finds Plaintiff's Motion for Leave to Amend is not dilatory and to deny it at this stage in the litigation would be counter to the liberal standard for amending complaints.  Plaintiff's proposed claim is not futile as the complaint alleges sufficient factual allegations to survive a motion to dismiss for failure to state a claim upon which relief can be granted. Thus, for the aforementioned reasons, the Court finds the Plaintiff's Motion to Amend must be GRANTED.

THEREFORE, IT IS on this 16th day of August, 2011,

ORDERED that the Plaintiff's Motion to Amend is GRANTED; and is further

ORDERED that Plaintiff is to file its Amended Complaint no later than August 30, 2011; and it is further

ORDERED that Defendant's currently pending Motion to Amend the Answer is DISMISSED as moot; and it is further

ORDERED that the Clerk of the Court terminate these Motions [Docket Entry Nos. 11 and 23] accordingly.

    s/   Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

7