**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN RESTAURANT, INC. t/a KC PRIME RESTAURANT STEAKHOUSE,<br><br>Plaintiff,<br><br>v.<br><br>PENN MILLERS INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION NO. 10-2273 (MLC)<br><br>**MEMORANDUM OPINION** |

**THE PLAINTIFF**, Dawn Restaurant, Inc. t/a KC Prime Restaurant Steakhouse ("KC Prime"), bringing the action against the defendant, its insurer, Penn Millers Insurance Company ("PMIC") (see dkt. entry no. 25, Am. Compl.); and it appearing that the action concerns (1) KC Prime's discovery that certain roof trusses on its property had collapsed, (2) KC Prime's filing of an insurance claim ("the Claim") against its PMIC insurance policy ("the Policy"), and (3) PMIC's denial of the Claim; and

**KC PRIME** raising three claims against PMIC; and in the first claim, KC Prime seeking a declaration that the Policy "provides insurance coverage to [KC Prime] for the collapse of the roof trusses described above" and that PMIC "is obligated to pay [KC Prime] for all sums and losses which [KC Prime] has incurred as a result of the collapse of the roof trusses described above" (id. at

5); and KC Prime also seeking equitable relief in that claim, i.e., specific performance of the Policy (see id.); and KC Prime seeking damages in the second claim for breach of contract (see id. at 5-6); and seeking damages in the third claim for breach of the covenant of good faith and fair dealing ("the bad faith claim")(see id. at 6-7); and PMIC counterclaiming against KC Prime for alleged violations of the New Jersey Insurance Fraud Prevention Act, N.J.S.A. 17:33A-1, et seq. ("the Counterclaim") (dkt. entry no. 39, Am. Answer & Counterclaim at 12-13); and

**PMIC** having moved for summary judgment in its favor and against KC Prime on all of the claims asserted against it in the Amended Complaint (see dkt. entry no. 59, PMIC Mot.); and KC Prime having opposed that motion (see dkt. entry no. 61, KC Prime Opp'n Br.); and KC Prime separately moving for summary judgment in its favor and against PMIC on the Counterclaim (see dkt. entry no. 58, KC Prime Mot.); and PMIC opposing that motion and cross-moving for summary judgment in its favor and against KC Prime on the Counterclaim (see dkt. entry no. 66, Cross Mot.; dkt. entry no. 65-3, Br. in Opp'n to KC Prime Mot. & Supp. of Cross Mot.); and

**THE COURT**, finding that material facts are in dispute (see dkt. entry no. 70, 6-3-13 Order), having denied without prejudice: (1) KC Prime's motion for summary judgment (dkt. entry no. 58); (2)

2

PMIC's cross motion for summary judgment (dkt. entry no. 66); and
(3) PMIC's motion for summary judgment (dkt. entry no. 59); and

**PMIC** moving pursuant to Local Civil Rule 7.1(i) for reconsideration of the Court's June 3, 2013 order denying summary judgment in its favor with regard to KC Prime's bad faith claim (dkt. entry no. 71); and KC Prime opposing that motion (dkt. entry no. 72); and

**IT APPEARING** that the Court may grant a motion for reconsideration "only where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises," NL Indus., Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996); and that "such a motion should be granted only where facts or controlling legal authority were presented to but overlooked by the District Court," Mauro v. N.J. Supreme Court, 238 Fed.Appx. 781, 791 (3d Cir. 2007); and that a court should only entertain a motion for reconsideration where the overlooked matters, "if considered by the court, might reasonably have resulted in a different conclusion," United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345-46 (D.N.J. 1999); and

**IT APPEARING** that under controlling law, a plaintiff must be able to establish a right to summary judgment on the

substantive claim for coverage in order to establish a bad faith claim; and that "if there are material issues of disputed fact which would preclude summary judgment as a matter of law, an insured cannot maintain a cause of action for bad faith," Ketzner v. John Hancock Mut. Life Ins. Co., 118 Fed.Appx. 594, 599 (3d Cir. 2004); see also Robeson Indus. Corp. v. Hartford Accident & Indem. Co., 178 F.3d 160, 169 (3d Cir. 1999); Pickett v. Lloyd's, 131 N.J. 457, 473 (1992); and

**IT APPEARING** that the Court found "material issues of disputed fact which precluded summary judgment as a matter of law," Ketzner, 118 Fed.Appx. at 599 (see 6-3-13 Order at 3-4); and that PMIC raised this controlling authority in its briefing on its motion for summary judgment (see dkt. entry no. 60-1, Def. Br. in Supp. of Mot. for Summ. J. at 4-8); and that the Court inadvertently overlooked this controlling authority; and

**THE COURT** intending to (1) grant the motion to reconsider, (2) grant summary judgment in part to PMIC on the bad faith claim, (3) deny summary judgment in part without prejudice to PMIC on KC Prime's remaining claims, and (4) enter judgment in PMIC's favor on KC Prime's bad faith claim; and for good cause appearing, the Court will issue an appropriate order.

                                                 s/ Mary L. Cooper
                                                 **MARY L. COOPER**
                                                 United States District Judge

Date:   December 2, 2013